IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY TUTTLE and <br> CONNIE TUTTLE, his wife, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Civil Action No. 14-164 |
| v. | ) | |
| TREVOR WINGARD, DANA PHILLIPS, <br> VIRGINIA I. COOK, Executrix of the <br> Estate of Bruce Dixon, M.D., <br> ALLEGHENY COUNTY HEALTH <br> DEPARTMENT, ALLEGHENY <br> CORRECTIONAL HEALTH SERVICES, <br> INC., ALLEGHENY COUNTY AND DAN <br> ONORATO, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | District Judge Bissoon <br> Magistrate Judge Lenihan <br><br><br><br> ECF No. 31 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) (ECF No. 31) filed by Defendants Allegheny Correctional Health Services and Dana Phillips[1] be denied as it relates to the *Monell* claim against Allegheny Correctional Health Services, Inc., and denied as moot as to all other issues previously raised in their first Motion to Dismiss.

Therefore, should this Report and Recommendation be adopted as the Opinion of the Court, the claims remaining as to Allegheny Correctional Health Services, Inc., would be as follows:

---

[1] The motion at ECF No. 31 was also filed on behalf of Virginia I. Cook, Esq., as Executrix of the Estate of Bruce Dixon, insofar as the allegations of the Amended Complaint charge Dr. Dixon's estate with responsibility for damages in his capacity as a member of the Board of Directors of Allegheny Correction Health Services, Inc. The parties, however, stipulated to the dismissal of all claims against Virginia Cook at ECF No. 40. The District Judge approved the stipulation by Court Order at ECF No. 41.

1) 42 U.S.C. § 1983 claim for violation of the Eighth Amendment for deliberate indifference to serious medical needs;

2) *Monell* liability claim; and

3) Negligence claim, the derivative loss of consortium claim, and punitive damages claim.

The claims remaining as to Dana Phillips in her individual capacity are as follows:

1) 42 U.S.C. § 1983 claim for violation of the Eighth Amendment for deliberate indifference to serious medical needs;

2) *Monell* supervisory liability claim; and

3) Negligence claim, the derivative loss of consortium claim, and punitive damages claim.

**II. REPORT**

A. PROCEDURAL BACKGROUND

Plaintiffs, Gregory Tuttle ("Plaintiff") and his wife, Connie Tuttle (collectively "Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983. Plaintiffs also include supplemental state law claims, including a claim for loss of consortium by wife Connie Tuttle.

All Defendants filed Motions to Dismiss the original Complaint. (ECF Nos. 8, 10, 11.) As to the Motion filed by the Defendants Dana Phillips ("Phillips"), and Allegheny Correctional Health Services, Inc. ("ACHS") (collectively "Medical Defendants") (ECF No. 8), the Court denied the motion as it related to the state law negligence claim against ACHS and Phillips, the § 1983 individual capacity claim against Phillips, and the claim for punitive damages. The Motion was granted as it related to the Fifth Amendment claim, the Fourteenth Amendment claim; the § 1983 official capacity claim against Phillips, and any state medical malpractice claims. The Court's Order was without prejudice to Plaintiffs filing an amended complaint as it related to the

*Monell* claim against ACHS and whether it was on notice that a constitutional violation like the one allegedly sustained by Plaintiff could occur, and ACHS decision-makers acted with deliberate indifference to that risk. (ECF No. 28, ECF No. 24 at 19-20.)

Thereafter, Plaintiffs filed a First Amended Complaint (ECF No. 30). The First Amended Complaint includes new averments concerning the *Monell* claim. The Medical Defendants now move to dismiss the First Amended Complaint. (ECF No. 31.)

B. FACTUAL AVERMENTS

In 1994, Plaintiff underwent surgery for a right hip implant. (ECF No. 30 at ¶ 46.) In November of 2011, Plaintiff was an inmate at the Allegheny County Jail ("ACJ"). (ECF No. 30 at ¶¶ 43, 45.) Plaintiff avers that the above-captioned Defendants were aware of his previous hip implant procedure. (ECF No. 30 at ¶ 46.)

In November 2011, while working in the jail kitchen, Plaintiff slipped and fell, injuring his right side and hip. (ECF No. 30 at ¶¶ 44-45.) Plaintiff avers that prior to this incident, he had not experienced any difficulty with his right hip. (ECF No. 30 at ¶ 47.)

Plaintiff reported the fall to his direct kitchen supervisor, and completed his shift in the kitchen that day. (ECF No. 30 at ¶ 48.) Plaintiff avers that overnight, his pain intensified. (ECF No. 30 at ¶ 49.) Plaintiff was seen in the infirmary the next day, prescribed Motrin, and told to stay off his feet. (ECF No. 30 at ¶ 49.) In the following days and weeks, Plaintiff's pain "continued to intensify" and he "could hardly walk." (ECF No. 30 at ¶ 50.) Plaintiff was physically unable to leave his cell and his meals were brought to him by his cellmate. (ECF No. 30 at ¶ 51.)

Plaintiff avers that from this time until the time of his release later that month, he submitted written sick call requests, and verbally requested to guards and medical personnel, including the triage nurse, that he be examined because his condition was worsening. (ECF No. 30 at ¶¶ 52-53.) In response, Plaintiff was told either that he would be seen, or that he did not need to be seen. (ECF No. 30 at ¶ 54.)

Plaintiff alleges that at this time and up to the time he was released from the ACJ, a "lump" the size of an egg developed on his right hip, which he reported to the guards and medical personnel. (ECF No. 30 at ¶ 55.) Plaintiff continued to send multiple written requests to see a doctor. (ECF No. 30 at ¶ 56.) Plaintiff avers that he learned from a triage nurse that each time he submitted a written request to see a doctor, he would lose his place in line and his request would be placed on the bottom of the list. (ECF No. 30 at ¶ 57.) He further avers that sick call requests are routinely left uncollected by medical personnel and that sick call requests are routinely ignored and left undocumented. (ECF No. 30 at ¶¶ 58-59.) Further, Plaintiff alleges that medical personnel employed a practice of failing to answer the phone in the jail infirmary in an effort to not address inmate medical needs. (ECF No. 30 at ¶ 60.)

Plaintiff states that despite his requests and the worsening of his condition, "he was not seen by a medical doctor and when he was seen, he was prescribed ineffective medication[:] Tylenol and a cane." (ECF No. 30 at ¶ 64.)

Plaintiff was released from the ACJ on November 22, 2011 and was seen at the Forbes Regional Medical Center on November 24, 2011. (ECF No. 30 at ¶¶ 65, 67.) On November 25, 2011, Plaintiff underwent surgery[2] and "was diagnosed post operatively with a deep infection, right total hip." (ECF No. 30 at ¶¶ 67-68.) Plaintiff was treated with intravenous antibiotic

---

[2] Plaintiff avers that he "was brought to the operating room for an incision and draining of the abscess, removal of total hip components and deep hardware, insertion of antibiotic space using a biomet state I select hip space with a neck offset and ball." (ECF No. 1-2 at ¶ 67.)

4

therapy with the surgical site left open. (ECF No. 30 at ¶¶ 69-70.) Thereafter, Plaintiff has had multiple surgical procedures for a "complex reconstruction of his hip following infection." (ECF No. 30 at ¶ 71.)

Plaintiff avers that "in approximately 2010, Defendants, as well as other Allegheny County officials, including auditors from the Allegheny County government, audited the medical records at the Allegheny County jail, specifically with regard to the costs of outside medical trips. These officials concluded that outside trips to medical facilities be reduced for financial reasons." (ECF No. 30 at ¶ 30.) Plaintiff also alleges that "Defendants had a policy or custom to deliberately withhold medical attention in an effort to hold down costs occasioned by the need for outside medical attention." (ECF No. 30 at ¶ 28.) Specifically, Plaintiff states that "Defendant Phillips instituted a policy requiring her approval for all outside medical care in an effort to implement the policy of the Defendants to hold down medical costs even if physicians employed by Allegheny Correctional Health Services, Inc. would recommend outside evaluation, care and treatment at outside facilities." (ECF No. 30 at ¶ 32.) As a consequence, according to Plaintiff, "outside medical trips were substantially decreased which had the effect of discouraging doctors and other employees of Allegheny Correctional Health Services, Inc. from properly evaluating and sending inmates to outside medical facilities for evaluation and treatment." (ECF No. 30 at ¶ 33.)

In their Amended Complaint, Plaintiffs add allegations regarding other civil actions brought against Allegheny County and ACHS that, according to Plaintiffs, establish that ACHS was aware that medical personnel had a custom or practice of ignoring the serious medical needs of inmates by delaying admittance to the Allegheny County Jail infirmary, by resisting

authorization to send inmates to outside hospitals, and by simply not responding to inmates' request for help.  (ECF No. 30 at ¶¶ 34-40.)

C. LEGAL STANDARD

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network,* 748 F.3d 142, 147 (3d Cir. 2014).

Courts generally consider only the allegations of the complaint, the attached exhibits, and matters of public record in deciding motions to dismiss.  *Pension Benefit Guar. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint may also be weighed if the plaintiff's claims are based upon those documents.  *Id.*  (citations omitted).  A district court may consult those documents without converting a motion to dismiss into a motion for summary judgment.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

D. ANALYSIS

1. Negligence

The Defendants' first argument in support of their Motion to Dismiss is duplicative of their argument made in their previous Brief in Support of Motion to Dismiss at ECF No. 9 at 12-14. Defendants argue that they are protected by immunity from all state tort negligence claims because ACHS is a local agency pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"). In its Report and Recommendation (ECF No. 24) that was adopted as the Opinion of the District Court (ECF No. 28), this Court concluded as follows:

> Clearly, the analysis in determining whether a particular entity qualifies as a "local agency" is a fact-intensive inquiry. Given the legal standard on a motion to dismiss pursuant to Rule 12(b)(6), and the intensive factual inquiry required by the Pennsylvania Supreme Court in determining whether an entity qualifies as a "local agency" for purposes of the PSTCA, the Court must deny the motion to dismiss on this issue so that the parties may develop the record with respect to these factors. *See*, *e.g.*, *Christy*, 856 A.2d at 44 (we "remand the matter for the parties to introduce evidence regarding whether the ambulance company is a 'local agency,' pursuant to our analysis in *Sphere Drake Insurance Company v. Philadelphia Gas Works*, 566 Pa. 541, 782 A.2d 510 (2001).").
> Therefore, it is respectfully recommended that the Motion to Dismiss the state negligence claims filed by Defendants ACHS, Phillips, and Dixon in his capacity as Chair of the Board of Directors of ACHS be denied.

(ECF No. 24 at 23.) The Court has already ruled on this issue, and Defendants offer nothing new directed to Plaintiffs' amended allegations in the First Amended Complaint to suggest that the Court rule differently. Hence, this Court respectfully recommends that the Medical Defendants' Motion to Dismiss Plaintiff's law negligence claim be denied as moot.

7

2. All Claims against Phillips and § 1983 claims against ACHS

Defendants move to dismiss all claims against Phillips. In its Report and Recommendation, the Court specifically noted that Plaintiffs conceded that the official capacity claim against Phillips was redundant of the claims against ACHS. Therefore, the Court recommended that the official capacity claim against her be dismissed. (ECF No. 24 at 17.) Therefore, it is respectfully recommended that the motion to dismiss the official capacity claim against Phillips be denied as moot.

As to the individual capacity claim against Defendant Phillips, Defendants argue that this claim should be dismissed because Plaintiff has failed to aver that any of the alleged polices or practices by Phillips was the cause of the constitutional harm suffered by Plaintiff because she had no direct involvement with Plaintiff's medical care. (ECF No. 32 at 7, 10-12.)

Again, the Court's Report and Recommendation (ECF No. 24 at 17-18) as adopted by the District Judge (ECF No. 28) indicated that Plaintiffs' averments alleged specific action against Phillips pursuant to a supervisory liability theory. Therefore, it is respectfully recommended that the Medical Defendants' Motion to Dismiss the supervisory liability claim against Phillips in her individual capacity be denied as moot.

Finally, as to the *Monell* claim against ACHS upon which the District Judge granted leave to amend, the Plaintiffs' Amended Complaint contains "'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1948 (2009)). Specifically, the Court's Report and Recommendation noted as follows:

> Here, Plaintiffs' allegations fail to set forth facts demonstrating that *ACHS was aware* of Phillips' practice requiring her preapproval for outside medical trips, the chilling effect it allegedly had on doctors and other employees of ACHS, and the constitutional injury or risk thereof that inmates at the ACJ would endure undue pain and suffering and exacerbation of injuries as a result of the delay of necessary medical care. Plaintiffs must aver facts showing that ACHS knew that necessary medical treatment would be delayed for nonmedical reasons, resulting in undue pain and suffering or exacerbation of injuries to inmates at the ACJ, and that it was deliberately indifferent to that risk by allowing the practice to continue in light of its awareness of the risk.

(ECF No. 24 at 20) (emphasis in original).

In their Amended Complaint, Plaintiffs aver facts concerning other civil actions of public record where allegations were raised concerning ACHS' delay of medical treatment for nonmedical reasons resulting in serious injuries and death. (ECF No. 30 at ¶¶ 34-40.) Plaintiffs also include averments that reference witness statements in these former civil actions that "an inmate has to be severely ill (e.g. near death) to be admitted to the Allegheny County Jail infirmary and oftentimes inmates arrive at the infirmary when it is too late to help or where permanent damage has been done to an inmate's health." (ECF No. 30 at ¶ 36.) Plaintiffs further identify a former employee who "has publically stated that Allegheny County Health Services would 'fight' her when she attempted to send inmates to hospitals." (ECF No. 30 at ¶ 39.) At the very least, these prior civil actions would have put ACHS on notice that its efforts at cost containment by delaying or denying necessary medical treatment could result in constitutionally cognizable injuries or the risk thereof. Therefore, it is respectfully recommended that the Medical Defendants' Motion to Dismiss the *Monell* liability claim against ACHS be denied.

3. Failure to File Certificate of Merit

Defendants argue that because Plaintiffs have not filed a certificate of merit pursuant to Rule 1042.3(a) of the Pennsylvania Rules of Civil Procedure, all state medical malpractice claims should be dismissed. (ECF No. 32 at 13-15.) Again, in the Report and Recommendation (ECF No. 24) filed by this Court in response to Defendants' Motion to Dismiss at ECF No. 8, this Court clearly noted that Plaintiffs had conceded that they were "not raising claims of state medical negligence against [the medical] Defendants. (ECF No. 18 at 1.) Therefore, Defendants' Motion to Dismiss any state claims sounding in medical negligence should be granted." (ECF No. 24 at 21.) Consequently, there are no medical negligence claims to be dismissed. Therefore, it is respectfully recommended that the Medical Defendants' Motion to Dismiss any state medical negligence claims be denied as moot.

4. Loss of Consortium

Defendants argue that there can be no loss of consortium claim under § 1983 or under state law. (ECF No. 32 at 15-16.) Plaintiffs concede that there can be no loss of consortium claim pursuant to 42 U.S.C. § 1983. To the extent that the First Amended Complaint attempts to state a loss of consortium claim relating to Plaintiffs' § 1983 claims, it is respectfully recommended that Defendants' Motion to Dismiss be granted.

To the extent that Plaintiffs' loss of consortium claim relates to the state law claims, the Motion to Dismiss should be denied. Defendants argue that because they are immune from liability pursuant to the PSTCA, the derivative loss of consortium claim must fail. As discussed,

*supra* at II.D.1, whether ACHS is a local agency for purposes of the PSTCA is a fact-intensive inquiry. Hence, the Court recommended that the Motion to Dismiss on this issue be denied. Therefore, the Motion to Dismiss the loss of consortium claim should likewise be denied. Consequently, it is respectfully recommended that Defendants' Motion to Dismiss the loss of consortium claim relating to the state law claims be denied.

5. Punitive Damages

In support of their Motion to Dismiss punitive damages, the Medical Defendants raise the duplicative argument made in their previous Brief in Support of their Motion to Dismiss at [ECF No. 9 at 22](). In its Report and Recommendation ([ECF No. 24]()) that was adopted as the Opinion of the District Court ([ECF No. 28]()), this Court concluded as follows:

> At the motion to dismiss stage, the Court makes no judgment about what actually occurred, but Plaintiffs' allegations that Defendant Phillips instituted a custom or practice to delay medical care in an effort to hold down medical costs, and the suggestion that he was "put off" because his release was imminent, resulting in extreme pain and suffering and exacerbating his injuries, states a plausible claim for punitive damages on a motion to dismiss. Therefore, it is respectfully recommended that Defendants' Motion to Dismiss Plaintiffs' claim for punitive damages be denied.

([ECF No. 24 at 23]().) Again, the District Court has already ruled on this issue, and Defendants offer nothing new directed to Plaintiffs' amended allegations in the First Amended Complaint to suggest that the Court rule differently. Therefore, this Court respectfully recommends that the Medical Defendants' Motion to Dismiss punitive damages be denied as moot.

11

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) (ECF No. 31) filed by Defendants Allegheny Correctional Health Services, Inc., and Dana Phillips, be denied as it relates to the *Monell* claim against Allegheny Correctional Health Services, Inc., and denied as moot as to all other issues previously raised in their first Motion to Dismiss at ECF No. 8, and subsequently ruled upon by the Court. *See* ECF Nos. 24 & 28.

Therefore, should this Report and Recommendation be adopted as the Opinion of the Court, the claims remaining as to Allegheny Correctional Health Services, Inc., would be as follows:

1) 42 U.S.C. § 1983 claim for violation of the Eighth Amendment to the United States Constitution for deliberate indifference to serious medical needs;

2) *Monell* liability claim

3) Negligence claim, the derivative loss of consortium claim, and punitive damages claim.

The claims remaining as to Dana Phillips in her individual capacity are as follows:

1) 42 U.S.C. § 1983 claim for violation of the Eighth Amendment for deliberate indifference to serious medical needs;

2) *Monell* supervisory liability claim; and

3) Negligence claim, the derivative loss of consortium claim, and punitive damages claim.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 10, 2015 BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc:
    All Counsel of Record
    Via Electronic Mail